IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANISH KAPOOR, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-4252 |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| NATIONAL RIFLE ASSOCIATION OF ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, ANISH KAPOOR, by his undersigned counsel, for his Complaint against Defendant, NATIONAL RIFLE ASSOCIATION OF AMERICA ("NRA" or "Defendant"), states as follows:

## SUMMARY OF THE CASE

1. On or about June 29, 2017, NRA published a controversial video advertisement incorporating an image of CLOUD GATE, a famous sculpture in Millennium Park in Chicago colloquially referred to as "The Bean."

2. The advertisement, entitled variously as "The Clenched Fist of Truth" or "The Violence of Lies" was "designed to provoke fear, if not incite violence," according to the *Washington Post*, and became "one of the latest flash points for partisan anger," according to *The New York Times*.

3. Plaintiff, Sir Anish Kapoor, CLOUD GATE's renowned visionary sculptor, was shocked and outraged to learn that his sculpture had been used by NRA to support its despicable platform of promoting violence, private ownership of all manner of firearms in the United States,

including military assault weapons, and using its money and political power to block any kind of meaningful gun control.

4. NRA never asked Plaintiff for permission to use CLOUD GATE ("the Work"), and Plaintiff never granted it – and never would have granted it. After the video was made public, Plaintiff demanded that NRA remove the Work from the video, but NRA refused. Accordingly, Plaintiff brings this action for copyright infringement against NRA.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

6. This Court has jurisdiction over Defendant because it conducts business in Illinois, both in connection with the facts giving rise to this lawsuit and during the general course of its affairs, and has sufficient minimum contacts in Illinois, or otherwise intentionally avails itself of the markets within Illinois, through the promotion, sale, and marketing of its services in Illinois, to render the exercise of jurisdiction by this Court proper and necessary.

7. Venue is proper in this District under 28 U.S.C. § 1391 and 18 U.S.C. § 1965 because the copyrighted work at issue is permanently located in this District and a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

8. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq, seeking damages, attorneys' fees, preliminary and permanent injunctive relief and an accounting, as well as damages and other relief based on claims related to the misappropriation of Plaintiff's intellectual property.

## PARTIES

### The Plaintiff

9. Plaintiff, Sir Anish Kapoor, is a knighted sculptor and visual artist. He has won many awards, including the Turner Prize, the Preamium Imperiale, and the Genesis Prize. His

work is featured in prominent art museums and public installations all over the world. He is a resident of London, England.

### The Defendant

10. NRA is a 501(c)(4) nonprofit organization that promotes gun ownership and advocates for the elimination of gun restrictions in the United States. It operates nationally, with its headquarters in Fairfax, Virginia.

### FACTUAL ALLEGATIONS

11. In 1999, Plaintiff began the process of building a monumental sculpture that has become an iconic landmark in one of America's greatest cities, Chicago. It took him six years to complete that sculpture, which he named CLOUD GATE.

12. CLOUD GATE was completed and installed in Millennium Park in 2006 and the physical sculpture is owned by the City of Chicago.



13. CLOUD GATE immediately became popular worldwide, attracting tourists and artists from around the world. Affectionately dubbed "The Bean" by the public, it is a beloved, inclusive work that has become a destination site for many.

14. On June 29, 2017, NRA broadcast on television and the internet a video recruiting advertisement entitled variously "The Clenched Fist of Truth" or "The Violence of Lies", denouncing the media and the "liberal agenda."



It warns of civil unrest and violence, and states that the only way to save "our" country from the "lies" of the liberal media and the "liberal agenda" is with the "clenched fist of truth," i.e., with guns (obviously referencing NRA's previous slogan by Charlton Heston that "I'll give you my gun when you pry it from my cold, dead hands.") It is a clear call to armed violence against liberals and the media.

15. At or around the 17-second mark of the advertisement, a black-and-white image of CLOUD GATE is shown in its entirety.



16. At the end, the video solicits viewers to join NRA, a dues paying organization.



### CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 et seq.

17. Plaintiff incorporates the above allegations by reference.

18. In or about 1999-2005, Plaintiff authored the sculptural work CLOUD GATE. CLOUD GATE is original to Plaintiff and is copyrightable subject matter.

5

19. On or about January 4, 2016, Plaintiff registered CLOUD GATE with the U.S. Copyright Office, with the registration number VA 1-983-425.

20. Plaintiff is the sole owner of all right, title and interest in and to the copyright. CLOUD GATE has been published or otherwise exploited by Plaintiff, or by others under Plaintiff's authority or license, in conformity with the Act.

21. At no time has Plaintiff authorized Defendant to reproduce, distribute, perform, create derivative works based on, or otherwise exploit all or any portion of CLOUD GATE.

22. On information and belief, starting in or about April of 2017 and continuing to the present, Defendant infringed plaintiff's copyright in CLOUD GATE by, *inter alia*, filming or videotaping it, making internal copies, incorporating it into its video "The Clenched Fist of Truth," alternately titled "The Violence of Lies" (hereinafter, the "Infringing Video"), and distributing and displaying it to the public on television and through the internet.

23. After learning of the objectionable and infringing use of his Work in the Infringing Video, on or about June 30, 2017 Plaintiff demanded that NRA remove the Work from the Infringing Video, but to date NRA has failed and refused to do so.

24. As a result of Defendant's copyright infringement, Plaintiff has suffered and continues to suffer actual damages in an amount according to proof at trial.

25. As a further result of Defendant's copyright infringement, Defendant has obtained direct and indirect profits it would not have otherwise realized but for its infringement of Plaintiff's copyrighted Work, including but not limited to increased membership dues following the publication of the Infringing Video. Plaintiff is entitled to disgorgement of such profits,

26. Defendant's acts of copyright infringement have been willful and intentional and in conscious disregard for Plaintiff's rights. Moreover, in an open letter dated March 12, 2018, which was widely publicized by major news outlets (including *inter alia* the Washington Post, the

Chicago Sun Times, The Guardian, etc.), Plaintiff blasted Defendant for its unauthorized use of CLOUD GATE in the Infringing Video and made clear his extreme objection to such usage.

27. Despite being expressly informed on multiple occasions that the use was unauthorized and was causing extreme distress to Plaintiff, Defendant continued and continues to display the Infringing Video. Plaintiff is therefore entitled to statutory damages for willful infringement in the amount of $150,000 per infringement, the number of infringements to be determined according to proof at trial.

28. Defendant continues to infringe Plaintiff's copyright by broadcasting or otherwise exploiting the Infringing Video. Accordingly, plaintiff is entitled to injunctive relief, preventing Defendant from continuing to exploit CLOUD GATE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendant and its agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2. That Plaintiff be awarded actual damages for copyright infringement in an amount to be determined at trial;

3. That Defendant account to Plaintiff for its profits, and pay to Plaintiff all profits attributable to the infringement;

4. That Plaintiff be awarded statutory damages in the amount of $150,000 per infringement, or such other amount as may be determined at trial;

5. That Plaintiff be awarded compensatory damages;

6. That Plaintiff be awarded his reasonable litigation expenses, costs, and attorneys' fees;

       7.       That Plaintiff be awarded pre- and post-judgment interest, to the extent allowable; and

       8.       Such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

                                              Respectfully submitted,

Dated: June 19, 2018                                     ANISH KAPOOR

                                              By:    /s/ Jeffrey S. Becker
                                                               One of His Attorneys

Nicholas A. Carlin (*Pro Hac admission pending*)
 nac@phillaw.com
David M. Given (*Pro Hac admission pending*)
 dmg@phillaw.com
M. Jake Feaver (*Pro Hac admission pending*)
 mjf@phillaw.com
Phillips, Erlewine, Given & Carlin, LLP
39 Mesa Street, Suite 201
San Francisco, CA 94129
(415) 398-0900

Jeffrey S. Becker (ARDC #6282492)
 jbecker@smbtrials.com
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax